[No. 3166.]

## James Barr v. The State.

1. Practice—Jurisdiction Over Unorganized County—Case Stated. This offense was committed in the unorganized county of Z., when that county was by law attached to M. county for judicial purposes. The indictment was properly found in M. county. Subsequently Z. county was attached to F. county for judicial purposes, and the district court of M. county transferred the indictment to the said F. county. Before the case came on for trial in F. county, Z. county was partially organized, but its judicial autonomy was not completed, the Legislature having failed to provide times for holding the terms of the district court, and the district judge having failed to fix the same under the authority delegated to him by the act of April 25, 1882. When the case was called in F. county the defendant interposed his plea to the jurisdiction of the district court of that county, and insisted that the case should be transferred to Z. county. *Held*, that the plea was properly overruled.

2. Same.—Irregularities in the record entry of the presentment of an indictment do not constitute cause for setting aside the indictment, or in arrest of judgment. Such matters should be mooted by suggestion *in limine* to the court wherein the indictment was presented, and are not available in a different forum to which the venue has been changed.

Appeal from the District Court of Frio. Tried below before the Hon. D. P. Marr.

The indictment in this case was joint against the appellant and Albert Perkins, and charged them with the theft of two horses, the property of N. A. Brice, in Zavalla county, Texas, on the second day of September, 1880. The appellant being alone upon his trial, was convicted, and his punishment was assessed at five years in the penitentiary.

The substance of the testimony of N. A. Brice was that his two certain horses which he described by flesh marks, brands, etc., were taken from his possession about the time charged in the indictment. He failed to find them after diligent search, but after some days he received information from William Smith, a resident of Frio county, that the two horses, known to Smith as belonging to him, witness, were taken by his house in the direction of San Antonio. Witness followed, but failed to find horses or thieves. He gave descriptions of his horses to various parties along the route, and returned home.

William Smith testified, in substance, that he saw the said two horses, which he knew, in the possession of two young men whom he did not know. He could not identify the defendant.

Felix Roberson testified, in substance, that shortly after Mr. Brice gave him a complete description of the horses stolen, he saw the defendant in possession of one of them. The defendant claimed to own the animal and the brand, which had recently been changed slightly by picking, and offered to trade the animal to the witness. The brand, before being changed, was clearly the Brice brand; the flesh marks corresponded, as did the color, etc., with those given by Brice.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. On the second day of September, 1880, when the offense was committed, Zavalla county, in which it was committed, was an unorganized county, and was attached, for judicial purposes, to the organized county of Maverick, in which latter county the indictment was properly found. By subsequent act of the Legislature, Zavalla county was attached, for judicial purposes, to Frio county, and the district court of Maverick ordered the transfer of the case for trial to Frio county. Before the trial came on in Frio, steps had been taken to organize Zavalla county, and a partial organization had been effected; but its autonomy was not complete for judicial purposes, the Legislature having made no provision nor passed any act providing for the holding any terms of the district court in said county; nor had the district judge fixed the time for holding the courts in Zavalla county under the provisions of the act of April 25, 1882 (General Laws, called session of the Seventeenth Legislature, page 4), authorizing district judges to fix times for holding courts in newly organized counties. When the case was called for trial, defendant, by plea to the jurisdiction, insisted that the case was properly and legally triable alone in Zavalla, and that the district court of Frio had no longer jurisdiction over it; and he moved to have the cause transferred to Zavalla county.

This plea and motion were overruled by the court, and, as part of the record, and incorporated into it, we find in full the conclusions of fact as ascertained and found by the judge, and

his conclusions of law based upon the facts.   It is a most able and admirable exposition of the law applicable to the question. We take this occasion to commend the practice, in criminal cases, of finding the facts and giving the conclusions of law upon such questions, as a great aid to this court in its adjudication upon them.   In his conclusions of law, the learned judge makes an able argument against the constitutionality of the act of the called session of the Seventeenth Legislature, *supra*, conferring authority upon district judges to fix times for holding courts in the newly organized counties in their districts.   This question we do not deem it necessary to decide in this case. Aside from its consideration, the other reasons given by the learned judge are ample for the support of the jurisdiction of Frio county, and it was not error so to hold.

After this plea to the jurisdiction was overruled, defendant presented a second plea to the jurisdiction, upon the ground that neither the order of the district court of Maverick county transferring the cause, nor the transcript accompanying the record, shows "that the indictment was found by a grand jury of Maverick county, or that nine of their number concurred in finding the bill of indictment; and the pretended order does not show that there was any court held at the time when the indictment was presented," etc.   This plea was also properly overruled.   "Irregularities in the record entry of the presentment of an indictment do not constitute cause for setting aside the indictment, or in arrest of judgment.   Such matters should be mooted by suggestion *in limine* to the court wherein the indictment was presented, and are not available in a different forum to which the venue has been changed." (*Loggins* v. *The State*, 8 Texas Ct. App., 434; *Dodd* v. *The State*, 10 Texas Ct. App., 370.)

There is no other question in the case requiring discusssion, and no error in the record for which the judgment should be reversed, wherefore it is affirmed.

*Affirmed.*

Opinion delivered May 28, 1884.